UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| CRAIG L. BEENE, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 3:10-0285 |
| MUHAMMED RASSEKI, et al., | ) ) ) | Judge Haynes |
| Defendants. | ) | |

## MEMORANDUM

Plaintiff, Craig L. Beene, a prisoner at the Hardeman County Correctional Facility in Whiteville, Tennessee, filed this pro se action under 42 U.S.C. § 1983 against over twenty defendants and other unnamed employees of the Tennessee Department of Corrections ("TDOC") Lois DeBerry Special Needs Facility ("DeBerry") and the Whiteville Correctional Facility ("Whiteville"). Plaintiff asserts claims under the First, Eighth, and Fourteenth Amendments to the United States Constitution as well as state law claims that arise out of the Plaintiff's incarceration at the Whiteville facility between February 2009 and January 2010. Plaintiff's specific claims involve his transfer from Whiteville to a state penal institution without an adequate law library or a job assignment similar to his 2007 job, and that does not allow Plaintiff to obtain copies of his medical files. Plaintiff seeks a declaratory judgment, preliminary and permanent injunctive relief.

### A. Analysis of the Complaint

According to his complaint, Plaintiff allegedly was limited to less than one hour in the law library on February 6, 2008, and was not allowed to sign up for the assistance of legal aids. (Compl. ¶ 25, p. 11). After his transfer to Whiteville from DeBerry, Plaintiff was allegedly denied access to

an adequate law library. (Compl. ¶ 27, p. 12). Plaintiff further alleges that, while at Whiteville, defendant Perry denied him access to the law library on November 20, 2009, by instructing the librarian not to write any passes to the law library for the him. (Compl. ¶ 42, p. 21).

Plaintiff alleges that, on April 10, 2009, defendant Perry refused to respond to his grievance #208407/13359 pertaining to an alleged assault (Compl. ¶ 37, p. 18); on June 17, 2009, defendant Ford failed to respond meaningfully to the plaintiff's grievance #209230/13440 pertaining to a violation of the plaintiff's privacy rights and defendant Hodge subsequently acquiesced to Ford's handling of the grievance (Compl. ¶ 38, p. 19); on June 17, 2009, defendant Hammond failed to respond meaningfully to the plaintiff's grievance #210402/13520 pertaining to allegedly inadequate food portions in the chow hall (Compl. ¶ 39, p. 19); in August 2009, defendants Erwin, Johnson, Colson, and Hodge were aware of and encouraged the policy and practice at Whitesville of ignoring or failing to respond meaningfully to inmate grievances (Compl. ¶ 40, pp. 19-20); and in January 2010, defendants Minter, Bennett, Dotson, and Cross either ignored or failed to respond meaningfully to the Plaintiff's grievance #219105 pertaining to his relationship with a staff member, all of which Plaintiff alleges constituted deprivations of his constitutionally-protected due process rights.

Plaintiff further alleges that in August 2009, defendants Erwin, Johnson, and Colson denied the Plaintiff a transfer to another institution for the purpose of retaliating against him for exercising his constitutional rights. (Compl. ¶ 40, p. 19). Plaintiff further contends that these defendants retaliated against him in other ways for the same reason, such as prohibiting him from having the job he wanted and from being incarcerated in a facility close to his home, and by subjecting him to extra punishment. (Compl. ¶ 40, pp. 19-20).

Plaintiff alleges that, on November 11, 2009, defendants Davis and McKinney entered the plaintiff's cell and harassed him by yelling at him, which made him fear that he would be physically injured. (Compl. ¶ 41, p. 20). Plaintiff further alleges that, afterwards, the defendants retaliated against him by giving him "several false disciplinaries" and sending messages to the plaintiff stating "it was not over." (*Id.*) Plaintiff additionally alleges that defendant Davis followed the plaintiff to his work area and to the law library on November 26, 2009, making "sex noises" to harass and intimidate the plaintiff. (*Id.* pp. 20-21).

Plaintiff alleges that, after November 2009, as a result of the plaintiff filing grievances, defendant Perry retaliated against him by "lock[ing] him up[.]" (Compl. ¶ 42, p. 21). In January 2010, Plaintiff "received disciplinary" and was transferred to another institution as retaliation for having reported an incident to the prison staff. (Compl. ¶ 42, p. 24). Plaintiff also alleges that defendants Davis and Cross threatened that, if Plaintiff persisted in pursuing his grievances, Plaintiff would be charged with making a false statement and solicitation of staff. (*Id.*)

Next, Plaintiff alleges that, on November 7, 2009, defendant Davis sexually harassed him. (Compl. ¶ 41, p. 20). Plaintiff filed a grievance about the alleged incident. (Grievance #215201/13856). Plaintiff alleges that, over the course of his incarceration, certain defendants have failed to remedy alleged errors in his medical files. (Compl. ¶ 40, pp. 19-20). According to Plaintiff, these errors prevented him from being eligible for desirable jobs within the penal institutions in which he has been incarcerated. Plaintiff also believes that the errors have resulted in him being discriminated against due to certain medical conditions and/or perceived disabilities.

Plaintiff further alleges that, in June 2009, he did not receive "appropriate portions of food" in the chow hall. (Compl. ¶ 39, p. 19)(Grievance #210402/13520). In his grievance related to this

3

allegation, he complains that the "sloppy joes" were too sloppy, the portions were too small, and that the foods served in the chow hall had caused "lots of inmates to have higher blood pressure and fluid retention." (*Id.*)

Plaintiff also alleges that, after November 2009, as a result of the plaintiff filing grievances, defendant Perry refused to allow the plaintiff to trade his spoiled milk for fresh milk in the dining facility. (Compl. ¶ 42, pp. 21-22). Plaintiff alleges that, on April 5, 2009, defendant Perry assaulted him in the presence of defendant White, who did nothing to stop the assault or to address it afterwards. (Compl. ¶ 37, p. 18)(Grievance #208407/13359). Plaintiff alleges that in December 2009 and January 2010 the supervisors at Whiteville failed to turn on the heat in the gym and clean the chimney, exposing the plaintiff to "sub freezing temperatures." (Compl. ¶42, p. 22).

## B. Conclusions of Law

Under the Prison Litigation Reform Act (PLRA), the courts are required to dismiss a prisoner's complaint if it is determined to be frivolous, malicious, or if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b). Although the courts are required to construe *pro se* pleadings liberally, *see Boag v. MacDougall*, 454 U.S. 364, 365 (1982), under the PLRA, the "courts have no discretion in permitting a plaintiff to amend a complaint to avoid a *sua sponte* dismissal," *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

Plaintiff alleges a host of claims under § 1983 against many defendants. To state a claim under § 1983, the plaintiff must allege and show: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(overruled in part by

4

*Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both parts of this two-part test must be satisfied to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

A prisoner has a First Amendment right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821-823 (1977) and prison officials must ensure that inmates have access to the courts that is "adequate, effective and meaningful." *Id.* at 822. To ensure the meaningful exercise of this right, prison officials are under an affirmative obligation to provide inmates with access to an adequate law library, *Walker v. Mintzes*, 771 F.2d 920, 931 (6th Cir. 1985), or some alternative form of legal assistance, *Procunier v. Martinez*, 416 U.S. 396, 419 (1974)(overruled on other grounds by *Thornburgh v. Abbott*, 490 U.S. 401 (1989)). Meaningful access varies with the circumstances, and prison officials are accorded discretion in determining how that right is to be administered. *Bounds,* 430 U.S. at 830-31. However, it is not enough for plaintiff simply to claim that he was denied access to the courts, or that he did not have access to an adequate law library or to some alternate form of legal assistance. To state a claim on which relief may be granted, plaintiff must show that a defendant's conduct in some way prejudiced the filing or prosecution of a legal matter. *Walker*, 771 F.2d at 932; *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996).

Here, Plaintiff has not alleged that any defendant's conduct prejudiced his filing or prosecution of a legal matter. *Id.* Indeed, despite the conduct about which the Plaintiff complains, he successfully has typed and filed a lengthy complaint in this matter. As such, the plaintiff fails to state claims that are actionable under the First Amendment for the denial of

access to the courts.[1] Accordingly, those claims will be dismissed.

## C. Denial of due process

As to defendants Erwin, Johnson, Colson, and Hodge, the law is settled that actions brought against state actors cannot be maintained on a theory of *respondeat superior, see e.g., Monell v. Dep't of Social Servs. of The City of New York*, 436 U.S. 658, 659, 691-95 (1978); *Taylor v. Mich. Dep't of Corrs.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Dunn v. Tenn.*, 697 F.2d 121, 128 (6th Cir. 1982). For vicarious liability to attach, each defendant must have "encouraged . . . directly participated . . . authorized, approved, or knowingly acquiesced . . . ." in the violations alleged. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). The foregoing also pertains to lawsuits that attempt to impute liability to supervisory personnel. *Doe v. Claiborne County, Tenn.*, 103 F.3d 495, 507 (6th Cir. 1996).

Where a state actor's role is limited to the denial of administrative grievances, or the failure to act with respect to such grievances, such state actors are not liable under § 1983 on the theory that their actions constituted an acquiescence with respect to the alleged unconstitutional conduct. *See Shehee*, 199 F.3d at 300. More particularly, a "combination of knowledge of a prisoner's grievance and failure to respond or remedy the complaint is insufficient to impose liability upon supervisory personnel under § 1983." *Miller v. Bock*, No. 02-1964, 2003 WL 202173, at *2 (6th Cir. Jan. 28, 2003)(citing *Poe v. Haydon*, 853 F.2d 418, 429 (6th Cir. 1988)). Given that plaintiff Beene's allegations against defendants Perry, Ford, Hammond, Minter,

---

[1] Additionally, the plaintiff's allegation pertaining to denial of access in 2008 is barred by the governing one-year statute of limitations for § 1983 claims. *Wilson v. Garcia*, 471 U.S. 261, 280 (1985)(§ 1983 claims); Tenn. Code Ann. § 28-3-104(a)(3); *see Roberson v. Tenn.*, 399 F.3d, 792, 794 (6th Cir. 2005); *Dellis v. Corrs. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001).

Bennett, Doston, Erwin, Johnson, Colson, and Hodge pertain only to their roles in denying or responding to the plaintiff's grievances, the allegations against them fail to state claims upon which relief can be granted. Accordingly, these claims will be dismissed.

Although prisoners have a First Amendment right to file grievances, *see Noble v. Schmitt*, 87 F.3d 157, 162 (6th Cir. 1996), state law does not create a liberty interest in the grievance procedure. *Olim v. Wakinekona*, 461 U.S. 238, 249 (1983). Thus, a plaintiff cannot premise a § 1983 claim on allegations that the jail's grievance procedure was inadequate and/or unresponsive because there is no inherent constitutional right to an effective jail grievance procedure in the first place. *See Hewitt v. Helms*, 459 U.S. 460, 467 (1983)(overruled in part on other grounds by *Sandin v. Conner*, 515 U.S. 472 (1995)); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994); *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991). Since a prisoner does not have a constitutional right to an effective or responsive grievance procedure, Plaintiff cannot state a § 1983 claim on the grounds that the various defendants' responses to his grievance were inadequate. Accordingly, the Plaintiff's due process claims against defendants Perry, Ford, Erwin, Johnson, Colson, and Hodge should be dismissed for failure to state claims upon which relief can be granted.

### D. Intimidation, threats, and retaliation

As to Plaintiff's allegations of intimidation, verbal abuse of the nature described does not rise to the level of a constitutional violation. *Thaddeus-X v. Blatter*, 175 F.3d 378, 398 (6th Cir. 1999); *Ivey v. Wilson*, 832 F.2d 950, 954-55 (6th Cir.1987).

Moreover, allegations of verbal threats alone do not state a constitutional claim. *See Chandler v. Dist. of Columbia Dep't of Corrs.*, 145 F.3d 1355, 1360-61 (D.C. Cir. 1998);

*Hopson v. Fredericksen*, 961 F.2d 1374, 1378 (8th Cir. 1992); *Ivey*, 832 F.2d 950, 954-55. Although threats could violate an inmate's constitutional rights if the resulting harm were sufficiently severe, *Freitas v. Ault*, 109 F.3d 1335, 1338 (8th Cir. 1997), plaintiff's allegations fall well short of the categories of verbal threat that courts have heretofore recognized as potentially violative of an inmate's constitutional rights, *i.e.*, threats of serious physical injury. *See Doe v. Welborn*, 110 F.3d 520, 524 (7th Cir. 1997)(no cognizable claim under § 1983 absent allegations of physical harm or "the kind of extreme and officially sanctioned psychological harm that might support a claim for damages under the Eighth Amendment"; *Northington v. Jackson*, 973 F.2d 1518, 1522 (10th Cir. 1992)(cognizable claim under § 1983 where parole officer held gun to prisoner's head while threatening to kill him); *Hudspeth v. Figgins*, 584 F.2d 1345 (4th Cir. 1978)(cognizable claim under § 1983 where a prison guard threatened to have prisoner killed if he persisted in his lawsuit against him). Because Plaintiff fails to allege that these defendants threatened him with serious physical injury, the alleged conduct falls in the category of petty harassment which does not rise to the level of a constitutional violation. *See e.g., Vasquez v. City of Hamtramck*, 757 F.2d 771, 773 (6th Cir. 1987). Thus, these claims will be dismissed.

A prisoner's claim that prison officials have retaliated against him for engaging in protected conduct is grounded in the First Amendment. *Thaddeus-X v. Blatter*, 175 F.3d 378, 388 (6th Cir. 1999) (*en banc*). To establish a *prima facie* case of retaliation within the context of § 1983, a plaintiff must prove that: (1) he engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements (1) and (2), *i.e.*, that the adverse action was motivated at least in part by plaintiff's protected conduct. *Id.* at 394. In

addition to proving a retaliatory motive, the plaintiff must establish that the alleged discriminatory action was punitive in nature by showing other than *de minimis* harm resulting from it. *See Ingraham v. Wright*, 430 U.S. 651, 674 (1977); *Thaddeus-X*, 175 F.3d at 396.

The law is well settled that it does not constitute a constitutional violation for prison officials to transfer an inmate to another prison to give prison staff a respite from his grievances. *Smith v. Campbell*, 250 F.3d, 1032, 1037; *Ward v. Dyke*, 58 F.3d 271, 274-75 (6th Cir. 1995). An inmate possesses no inherent constitutional right to placement in any particular prison or in any particular section within the prison system. *Olim v. Wakinekona*, 461 U.S. 238 (1983); *Hewitt v. Helms*, 459 U.S. 460, 468 (1983); *Williams v. Bass*, 63 F.3d 483, 485 (6th Cir. 1995). Thus, for his retaliation claim, Plaintiff does not identify any harm, *de minimis* or otherwise, that resulted from the alleged retaliation by the defendants. As a result, the plaintiff's intimidation and retaliation claims against these defendants fail to state claims on which relief can be granted. Accordingly, those claims will be dismissed.

As to the plaintiff's claim that the defendants retaliated against him by prohibiting him from having the job he wanted, a prisoner does not have a constitutional right to a particular job, or to any job at all. *See Rhodes v. Chapman*, 452 U.S. 337, 348 (1981); *Newsom v. Norris*, 888 F.2d 371, 374 (6th Cir. 1989); *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987). Accordingly, this claim, like the plaintiff's other retaliation and intimidation claims pursued under § 1983, will be dismissed because it fails to state a claim upon which relief can be granted.

### E. Sexual Harassment

Although Plaintiff may have been offended by Davis's alleged homosexual advance, Plaintiff does not allege that he suffered any pain, serious or otherwise, as a consequence of the

alleged encounter. Therefore, his allegation that defendant Davis made an alleged sexual advances towards him does not meet the objective component of the Eighth Amendment, whether the claim is construed as sexual harassment or excessive force. *See Johnson v. Ward*, No. 99-1596, 2000 WL 659354, at *1 (6th Cir. May 11, 2000)(citing *Hudson*, 503 U.S. at 8-9)(accusations of a corrections officer "groping" a prisoner did not rise to the level of an Eighth Amendment violation)). As to defendant Davis' alleged overtures regarding the plaintiff's genitalia, such offensive sexual remarks also do not rise to the level of a constitutional violation. *Johnson*, 2000 WL 659354, at *1 (citing *Ivey v. Wilson*, 832 F.2d 950, 954-55 (6th Cir. 1987)). Finally, with respect to the plaintiff's claim that he suffered mental and/or psychological injuries as a consequence of defendant Davis' alleged acts,"[n]o Federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Because Plaintiff does not allege that he suffered a physical injury from any alleged encounter with defendant Davis, he cannot recover under § 1983 for mental and/or psychological injuries. This claim should be dismissed.

### F. Medical file errors

Under the Eighth Amendment, an inmate may bring a § 1983 claim regarding his conditions of confinement only when he can show that there has been "deliberate indifference" to his "medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *see also Farmer v. Brennan*, 511 U.S. 825, 832 ("The Amendment [ ] imposes duties on these officials [to] ensure that inmates receive adequate food, clothing shelter, and medical care ...") (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)). The Supreme Court has established a two-part test, with

both a subjective and objective prong, to determine whether a prisoner's right to adequate medical care has been violated. *Farmer*, 511 U.S. at 834. First, the deprivation alleged must be "sufficiently serious "[in that] a[n] ... official's act or omission must result in the denial of 'the minimal civilized measure of life's necessities.'" *Id.* The second subjective prong requires plaintiff to show that police or jail physicians had a "sufficiently culpable state of mind." *Wilson v. Seiter*, 501 U.S. 294, 297 (1991). Specifically, to satisfy the subjective prong, "the plaintiff must allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001).

Although not presently adopted by the Sixth Circuit, other federal courts have recognized that inadequate, inaccurate, and unprofessionally maintained medical records create "a grave risk of unnecessary pain and suffering in violation of the Eighth Amendment." *Ginest v. Board of County Comm'rs of Carbon County*, 333 F. Supp.2d 1190, 1200 (D. Wyo. 2004) ("Jails and prisons must maintain adequate, complete, and accurate medical records. Maintaining proper medical records is no less important to inmate health than providing proper physician care. The two go hand in hand."). These courts recognize that "[a]dequate and accurate medical records are critically important in any attempt to provide continuity of medical care." *Burks v. Teasdale*, 492 F. Supp. 650, 676 (W.D. Mo. 1980).

However, as one district court from within the Sixth Circuit observed, "Eighth Amendment violations stemming from inadequate, incomplete, inaccurate, or mislaid medical documents are typically reserved for claims alleging systematic inadequacies in a jail's or prison's systems of medical record keeping." *Davis v. Caruso,* 2009 WL 878193, at *2 (E.D. Mich. Mar.

11

30, 2009)( (D. P.R.1998)(quoting cases).

Here, Plaintiff has not alleged such systematic inadequacies in the DeBerry or Whitesville facility's recordkeeping. Plaintiff essentially alleges that, because of errors in his medical records, he cannot get the job he wants within the prison during his incarceration. This allegation fails to state an Eighth Amendment claim for two reasons: (1) while the plaintiff has alleged harm from the purported errors in his medical records, he has failed to establish how it has given rise to a grave risk of unnecessary pain and suffering; and, as noted above, (2) a prisoner does not have a constitutional right to a particular job, or to any job at all, *Rhodes v. Chapman*, 452 U.S. 337, 348 (1981); *Newsom v. Norris*, 888 F.2d 371, 374 (6th Cir. 1989); *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir.1987). Accordingly, this claim will be dismissed because it fails to state a claim upon which relief can be granted.

### G. Food for prisoners

Under the Eighth Amendment, state officials are only required to provide prisoners adequate food. *Farmer v. Brennan,* 511 U.S. 825, 832 (1994); *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984). The Eighth Amendment also requires only that inmates be provided "'well-balanced meal[s], containing sufficient nutritional value to preserve health.'" *Green v. Ferrell*, 801 F.2d 765, 770 (5th Cir. 1986)(quoting *Smith v. Sullivan*, 553 F.2d 373, 380 (5th Cir. 1977))(footnotes omitted); *see also Eason v. Thaler*, 73 F.3d 1322, 1327 (5th Cir. 1996)(holding that to comply with the Constitution, inmates must receive "reasonably adequate" food). "The deprivation of food constitutes cruel and unusual punishment only if it denies a prisoner the 'minimal civilized measure of life's necessities.'" *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). Depriving an inmate of food, or serving him contaminated food, establishes grounds for a

12

violation of the Eighth Amendment. *Rhodes v. Chapman*, 452 U.S 337, 348 (1981).

Based on Plaintiff's allegations, the Court concludes Plaintiff has not alleged sufficient facts of a deprivation of food or a persistent and, uncivilized lack of food quality constituting cruel and unusual punishment to state an Eighth Amendment claim. As such, these allegations fail to state claims upon which relief can be granted; and these Eighth Amendment claims therefore should be dismissed.

### H. Excessive force

A viable Eighth Amendment claim for the use of excessive force has both an objective and subjective component. *See Farmer, 511* U.S. at 834; *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). The objective component requires Plaintiff to demonstrate that he has been subjected to specific deprivations that are so serious that they deny him "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *see also Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992). More particularly, in an excessive force claim, the objective component requires that the pain be serious. *Hudson,* 503 U.S. 1, 8-9. The subjective component requires that the defendant act with deliberate indifference to an inmate's health or safety. *Wilson v. Seiter,* 501 U.S. 294, 302-03 (1991). The subjective component requires the plaintiff to show that the defendants acted "'maliciously and sadistically for the very purpose of causing harm,'" rather than "'in a good faith effort to maintain or restore discipline.'" *Hudson,* 503 U.S. at 6 (quoting *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986)). While a *de minimis* use of force will not support an actionable claim, *Id.* at 9-10; *Moore v. Holbrook*, 2 F.3d 697, 700-01 (6th Cir. 1993), a plaintiff may recover even if he suffers only minor injury, *see Hudson*, 503 U.S. at 10. A prisoner must, however, allege that he sustained more than *de minimis* injury to state a

viable excessive force claim. *Id.* at 9-10; *Thaddeus-X v. Blatter*, 175 F.3d 378, 402 (6th Cir. 1999).

Here, Plaintiff does not allege that he suffered any injury, *de minimis* or otherwise, as a result of the alleged assault by defendant Perry. As such, the plaintiff fails to state a claim that is actionable under the Eighth Amendment for the use of excessive force. Plaintiff does not allege that defendant White was involved in the alleged assault. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)(each defendant must have "encouraged . . . directly participated . . . authorized, approved, or knowingly acquiesced . . . ." in the violations alleged). Accordingly, Plaintiff's claims against defendants Perry and White should be dismissed for failure to state claims upon which relief can be granted.

### I. Lack of heat

Short-term exposure to the cold does not rise to the level of an Eighth Amendment violation. *See Wilson v. Seiter*, 501 U.S. 294, 298 (1991); *Rhodes,* 452 U.S. at 347; *see also Dean v. Campbell*, 156 F.3d 1229 (6th Cir. 1998)(confinement in a cold cell for more than twenty (20) days "fail[s] to allege facts showing that he was subjected to the type of extreme deprivations which are necessary for an Eighth Amendment conditions or confinement claim"); *Seltzer-Bey v. Delo*, 66 F.3d 961, 963-64 (8th Cir. 1995)(no constitutional violation where an inmate was placed in strip cell for two days without clothing, bedding, and cold air blowing on him). Further, Plaintiff does not allege that he suffered any adverse consequences of the alleged conditions of confinement. Therefore, this claims fails to state grounds for relief.

Although Plaintiff names as defendants Muhammed Rasseki, B.J. Rhodes, Dr. Alexander, James Roland, Bradley McClure, Delores Summerlin, TDOC Lois DeBerry Staff, Mr. Scott,

Betty Hutcherson, Mr. Babb, Kendrik Sanders, Lyle Gardner, Bradley Polk, and other unnamed employees of TDOC, Plaintiff complaint fails to set forth any factual allegations about those Defendants except to their alleged failures to take disciplinary or other action against their employees or subordinates to prevent the purported harassment, intimidation, and continuous constitutional violations towards the plaintiff and defendant Rasseki's failure to act on events that occurred in 2007.

In his complaint, Plaintiff names certain defendants in their individual and official capacities. "A suit against an individual in his official capacity is the equivalent of a suit against the governmental entity" of which the official is an agent, *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir.1994); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, the plaintiff's claims against defendants White, Scott, Perry, Ford, Hutcherson, Gardner, Babb, Davis, Sanders, and Hammond in their official capacities are claims against the State of Tennessee that is not a person of any damages claims under Section 1983. Plaintiff has failed to state a claim for damages or injunctive relief.

With dismissal Plaintiff's federal claims, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims that will be dismissed without prejudice.

An appropriate Order is filed herewith.

                                                                       William J. Haynes, Jr.
                                                                       United States District Judge

5-27-10